UNITED STATES v. PRICE et al.

(District Court, D. Kentucky. October 20, 1899.)

1. WITNESS— EXEMPTION FROM PROSECUTION — WITNESS IN PROCEEDING FOR VIOLATION OF INTERSTATE COMMERCE LAW.

Act Feb. 11, 1893, § 1 (27 Stat. 443, c. 83), provides that "no person shall be excused from attending and testifying * * * in any cause or proceeding, criminal or otherwise, based upon, or growing out of, any alleged violation of [the interstate commerce act] on the ground or for the reason that the testimony or evidence * * * required of him may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may testify * * * in any such case or proceeding." Held, that the amnesty given to the witness by the second clause of the provision is limited to the matters as to which he is compelled to testify by the first clause, and extends only to "a cause or proceeding based upon or growing out of an alleged violation" of the said act to regulate commerce, and that as to other matters regarding which he may be interrogated as a witness he is left, first, to his privilege of refusing to answer lest he may criminate himself, or, second, if he answers, then to his rights under Rev. St. § 860, supplemented by the further provisions of the act of 1893 prohibiting the use of his testimony against him.

2. INDICTMENT—GROUNDS FOR PLEA IN ABATEMENT.

It is no ground for a plea in abatement to an indictment for conspiring to obstruct the justice of the United States by taking from a witness papers which he had been required by a subpoena duces tecum to produce before a grand jury of the United States that the defendants, as witnesses before the grand jury in behalf of the United States in an investigation of charges of violation of the interstate commerce law were interrogated and testified as to the matters upon which the indictment was based.

On Demurrer to Pleas in Abatement.

R. D. Hill, Dist. Atty., for the United States.
W. M. Smith, for respondents.

EVANS, District Judge.　The indictment in this case charges that J. W. Price, S. M. Jackson, and Theodore Maxfield did knowingly, unlawfully, and feloniously conspire, confederate, and agree, etc., to obstruct the justice of the United States by taking from one Clarence L. Wilson, a witness residing in Arkansas, who had been duly subpoenaed to appear before the grand jury of the United States in this district, certain papers which he had been directed to bring with him, and which he had brought, and which furnished testimony in connection with what it was supposed the witness Wilson would state bearing upon a charge against W. B. Belknap & Co. of having violated the provisions of the act to regulate commerce, commonly called the "Interstate Commerce Law."　To this indictment S. M. Jackson filed a special plea in the following language:

"And now comes S. M. Jackson, in his own proper person, into court, and, having heard the said indictment read, says that the United States ought not further prosecute this indictment against him, said S. M. Jackson, because he says that some short time before April 18, 1899, he was duly subpoenaed to attend as a witness in behalf of the United States before the grand jury of the United States at the February term, 1899, in Louisville, in the district of Ken-

tucky, to testify in behalf of the United States in certain investigations to be had before said grand jury against parties charged with the violations of the interstate commerce law; and he says that some time in April, 1899, and before the finding and returning of this indictment, he, having answered before said grand jury in obedience to said subpoena, was called before said grand jury, and was duly sworn, and compelled to testify before them in regard to transactions, matters, and things concerning the violation by W. B. Belknap & Co. of the interstate commerce act, and he did so testify, and, among other things, he was compelled to and did testify in regard to and concerning of the control and possession of certain invoices of goods bought from said W. B. Belknap & Co. by Theodore Maxfield & Bro., Batesville, Ark., since Jan. 1, 1899, and copies of bills of lading of said goods transported and delivered to said Maxfield Bros., and in regard to the taking of said bills of lading from one Clarence L. Wilson (being same mentioned in indictment), and delivered by them, defendant and S. M. Jackson, to J. W. Price; that he did so testify before said grand jury to all of said matters fully and completely, and in answer to questions propounded to him before said grand jury, and that in said testimony he did fully state the manner in which said bills of lading and invoices were taken from said Wilson and delivered to said Price by defendant and Maxfield, and his connection therewith, and that upon said evidence, together with that of other witnesses, on April 18, 1899, this indictment was found and returned in court, and this the said S. M. Jackson is ready to verify."

The plea of Theodore Maxfield was the same. The United States having demurred to the pleas, the question to be determined is whether they are sufficient, and it has been ably argued by counsel. If the defendants were on trial under this indictment, it is manifest that the provisions of section 860 of the Revised Statutes and those of the act of February 11, 1893, in relation to testimony before the interstate commerce commission, etc., would prohibit the admission against them, respectively, of any testimony they had given before the grand jury, as stated in the plea. The plea in abatement, however, to an indictment which in no way charges a violation of the interstate commerce act, but which does charge a conspiracy to obstruct justice, raises a very different question. Section 860 of the Revised Statutes clearly prohibits the use against them, respectively, of any testimony which they then gave; and if, while before that body, they had refused to answer any question which might tend to criminate them, except as to violations of the interstate commerce law, the cases of Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, and Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, would have manifestly supported them in the refusal. But they did not bring themselves within those cases by declining to answer. They appear to have answered all questions, and now plead that fact in abatement of an indictment which charges, not a violation of the interstate commerce act, but a conspiracy to obstruct justice by the seizure of the papers of a witness for the United States while in his possession, and while he was in the district with them, in obedience to a subpoena duces tecum.

The first section of the act of February 11, 1893, is as follows:

"That no person shall be excused from attending and testifying or from producing books, papers, tariffs, contracts, agreements and documents before the interstate commerce commission, or in obedience to the subpoena of the commission, whether such subpoena be signed or issued by one or more commissioners, or in any cause or proceeding, criminal, or otherwise, based upon or growing out of any alleged violation of the act of congress, entitled 'An act to regulate commerce,' approved February fourth, eighteen hundred and eighty

seven, or of any amendment thereof, on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before said commission, or in obedience to its subpœna, or the subpœna of either of them, or in any such case or proceeding; provided, that no person so testifying shall be exempt from prosecution and punishment for perjury committed in so testifying."

This section certainly does provide that no person shall be excused from attending and testifying as a witness before the interstate commerce commission, or "in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of the act of congress entitled "An act to regulate commerce," and complete amnesty is expressly given any person so testifying in respect to such matters (Brown v. Walker, 161 U. S. 591, 16 Sup. Ct. 644); but the court is of opinion that it was the intention of congress, in the section copied, to limit this amnesty to a "cause or proceeding based upon or growing out of an alleged violation" of the said act to regulate commerce, and that as to matters outside of those the witness was left, first, to his privilege of refusing to answer lest he might criminate himself, or, second, if he had answered, then to his rights under section 860 of the Revised Statutes, as supplemented by the act of 1893, prohibiting the use of his testimony against him. It was not the intention of congress to grant him amnesty as to other crimes merely because he had testified to violations of the interstate commerce law. The first clause of the act of 1893 provided that no person should be excused from testifying in cases "based upon or growing out of any alleged violation of the" interstate commerce law. That was all. It went no further. The second clause of the act must logically and necessarily be limited to the same thing, and evidently that is all congress intended. The constitutional principles announced in Counselman v. Hitchcock made it necessary that the amnesty provided should be coextensive with the requirement to testify in such cases. But nothing in the case last mentioned, nor in Brown v. Walker, demanded anything more. They were both based entirely upon the refusal of witnesses to testify in cases of alleged violations of the interstate commerce act. The first clause of the act of 1893 made necessary the second clause; otherwise, neither would have been effective. The latter supplemented the former, but was limited by it, and refers to nothing except the matters upon which witnesses shall not be excused from testifying by virtue of the express provisions of the act. If this is not the proper contruction of the act of 1893, the least collusion with a single friendly grand juror might enable the worst violator of the laws of the United States to entitle himself to amnesty by procuring himself to be summoned as a witness nominally to testify or to be asked about a violation of the interstate commerce law. It seems to the court that the plain language of the act of 1893 requires this construction, and, besides, it is very doubtful whether the pleas in abatement afford the proper way to determine the matter of fact alleged, wherein it is averred that this indictment was found upon the testimony before the grand

jury given by these defendants. At all events, the court sustains the demurrer, overrules the pleas, and reserves for investigation at the trial certain matters of fact alleged in the pleas.